PAUL W. REIDL (SBN 155221)
Law Office of Paul W. Reidl
285 Troon Way
Half Moon Bay, CA 94019
Telephone: (650) 560-8530
Email: paul@reidllaw.com

MICHAEL BOSWORTH (SBN 75887)
IPxLaw Group LLP
2901 Moorpark Ave, Suite 255
San Jose, CA 95128
Telephone: 408.827.3303
Email: mbosworth@ipxlaw.com

*Attorneys for Bogle Vineyards, Inc.*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **BOGLE VINEYARDS, INC.,** | Case No. |
| Plaintiff, | **COMPLAINT FOR:** |
| v. | **(1) TRADEMARK INFRINGEMENT** |
| **INTERCONTINENTAL PACKAGING CO.,** | **(2) FALSE DESIGNATION OF ORIGIN** |
| | **(3) UNFAIR COMPETITION** |
| and | **(4) RESTITUTION FOR UNJUST ENRICHMENT** |
| **UNITED STATES DISTILLED PRODUCTS CO.,** | **(5) CANCELLATION OF A REGISTERED TRADEMARK** |
| Defendants. | |

Plaintiff Bogle Vineyards, Inc. hereby alleges as follows on information and belief:

## JURISDICTION

1. This is an action for infringement of a Federally registered trademark under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, false association under the Lanham Act, infringement of an unregistered

Page 1

COMPLAINT

1  mark under the Lanham Act, common law trademark infringement, unfair competition, restitution for
2  unjust enrichment, and cancellation of a registered trademark.

3      2.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338 (a), and
4  15 U.S.C. § 1121, and supplemental jurisdiction pursuant to 28 U.S.C. §§1338 (b) and 1367 (b).  Acts
5  giving rise to the claims asserted herein have been expressly aimed at, have occurred in, and will
6  continue to occur in California and this District.

7  **VENUE**

8      3.     Venue properly lies within this District pursuant to 28 U.S.C. § 1391.

9  **THE PARTIES**

10      4.     Plaintiff Bogle ("Bogle") is a California corporation with its principal place of business
11  at 49762 Hamilton Road, Clarksburg, California 95612.  It is in the business of growing wine grapes
12  and making and selling table wine.

13      5.     Defendant Intercontinental Packaging Corporation ("IPC") is a Minnesota corporation
14  with its principal place of business at 1999 Shepard Road, St. Paul, Minnesota, 55116.  It is in the
15  business marketing and distributing spirits and wines.

16      6.     Defendant United States Distilled Products Co. ("USDPC") is a Minnesota corporation
17  with its principal place of business at 1607 S.12th Street, Princeton, Minnesota, 55371.  Among other
18  things, it acts as an importer of alcohol beverages such as wine.  Its import business is conducted
19  under the fictitious business names of Prestige Wine Group and Phantom Bay Wines, among others.
20  USDPC is licensed to do business in California under license C1864832.

21      7.     On information and belief, IPC and USDPC share common ownership.  They are related
22  companies.

23

24  //

## NATURE OF THE CASE

8.  Bogle owns a PHANTOM trademark for wine.  This case raises claims of trademark infringement, false association and unfair competition based on Defendant's use of a PHANTOM BAY trademark for wine.  It is also seeks cancellation of IPC's Federal registration of PHANTOM BAY for wine.

## BACKGROUND

9.  Bogle is a family-owned winery that has been growing grapes in the Clarksburg area since 1968.  Within ten (10) years it had established its own winery.  Its wines have received national acclaim for many years.

10.  In 2002, Bogle developed and began to sell throughout the United States a premium brand of table wine under the trademark PHANTOM.  The brand and its packaging were intended to evoke the mysterious, ephemeral qualities of its wine.  This marketing theme was unique among wine brands.

11.  Bogle has used the PHANTOM trademark continuously since 2002.  It has sold millions of bottles of PHANTOM wine throughout the United States.  The brand has been distributed in wine shops, at the winery, over the internet, and in other licensed retail outlets.  Through extensive promotional efforts, the PHANTOM brand has developed an extensive amount of goodwill and has become an extremely valuable asset of Bogle's.  PHANTOM wine is priced at $16.99 – 19.99 per bottle.

12.  As a result of the widespread promotion and use of the PHANTOM trademark for over fourteen (14) years, it has become highly distinctive of Bogle's wine and well-known among consumers.  The PHANTOM trademark is a strong trademark that is entitled to the broadest scope of protection.

//

COMPLAINT

13. The label for PHANTOM wine contains stark, dark tones so as to evoke the themes of mystery and the supernatural. The inclusion of the tag line "mysterious and hauntingly seductive" on the label reinforces these themes. The label is depicted below:



14. On July 26, 2013, Bogle filed an application to register the PHANTOM trademark with the United States Patent and Trademark Office. This application was in Class 33 for "wine." The application was approved and matured into Registration No. 4,737,396. This registration is valid and subsisting.

15. In or about 2013, IPC developed a PHANTOM BAY brand of wine. On information and belief, this label was developed to be a private label for the largest chain retailer in the United States, Wal-Mart. At the time the label was developed, Bogle's PHANTOM wine was being distributed

1  in certain states by a company affiliated with Defendants. On November 11, 2013, IPC filed an
2  application to register PHANTOM BAY as a trademark with the United States Patent and Trademark
3  Office. This application was in Class 33 for "alcoholic beverages excluding beers." The Examining
4  Attorney initially refused registration under Section 2 (d) of the Lanham Act, claiming that there was
5  a likelihood of confusion with Bogle's PHANTOM trademark. In response, IPC argued that the mark
6  created the impression of a specific geographic location and, therefore, could be distinguished from
7  Bogle's trademark. Based on this representation, the Examining Attorney withdrew the refusal and the
8  mark was granted Registration No. 4,700,872.

9      16. Contrary to the representation to the United States Patent and Trademark Office, IPC
10 did not in either its label or marketing evoke a specific geographic location. Instead, the label and
11 promotional efforts for the wine evoked the same qualities of mystery and the supernatural as Bogle's
12 PHANTOM label. This is readily apparent from IPC's web site for the brand, www.phantombay.com,
13 which depicts a dark castle on the home page, contains the tag line "The Night Beckons" on the
14 masthead, and uses the phrase: "Cloaked in darkness, the brisk evening breeze creeps through our
15 vineyards like a Phantom in the night, cooling the grapes to preserve their ripe fruit flavors." The label
16 for PHANTOM BAY mimics the stark, dark style of Bogle's PHANTOM label. It is depicted below:



COMPLAINT

17. USDPC owns the Certificate of Label Approval (COLA) for PHANTOM BAY wine. This COLA is required in order to import and/or label the wine in the United States. The fictitious business names Prestige Wine Group or Phantom Bay Wines appear on the back labels as the importer of record for the wine.

18. PHANTOM BAY wine is a relatively inexpensive wine. Its retail shelf price at Wal Mart is in the $7.99 range.

19. PHANTOM BAY wine is sold at Wal Mart stores located in this District.

20. Bogle became aware of the PHANTOM BAY wine trademark earlier this year. It contacted Defendants and asked them to respect Bogle's trademark rights by changing the name. Defendants refused.

21. In adopting the PHANTOM BAY trademark and engaging in these activities, Defendants deliberately and intentionally targeted Bogle's business, its brand and its goodwill. Defendants were on statutory and actual notice of Bogle's trademark before they began using the PHANTOM BAY mark. Instead of respecting Bogle's rights by adopting another name, Defendants expanded the use of their mark. On information and belief, they did so because having developed a private label for the largest chain retailer in the country, they did not want to tell Wal Mart that the name had to be changed due to a trademark issue. Thus, they deliberately targeted Bogle and its valuable trademark by appropriating the trademark and its goodwill with full knowledge that Bogle owned the trademark rights to PHANTOM for wine and that it was of great value to Bogle because the trademark has a tremendous amount of consumer goodwill attached to it. Defendants did this with the intention of free-riding on the brand recognition, goodwill, investment and success of Bogle's brand. The whole point of Defendants' conduct is to confuse consumers who are acting on impulse to think that they are purchasing a lower-priced version of Bogle's PHANTOM wine when, in fact, they are not, and to compete unfairly with Bogle by causing great harm, injury, and damage to Bogle and its

17. USDPC owns the Certificate of Label Approval (COLA) for PHANTOM BAY wine. This COLA is required in order to import and/or label the wine in the United States. The fictitious business names Prestige Wine Group or Phantom Bay Wines appear on the back labels as the importer of record for the wine.

18. PHANTOM BAY wine is a relatively inexpensive wine. Its retail shelf price at Wal Mart is in the $7.99 range.

19. PHANTOM BAY wine is sold at Wal Mart stores located in this District.

20. Bogle became aware of the PHANTOM BAY wine trademark earlier this year. It contacted Defendants and asked them to respect Bogle's trademark rights by changing the name. Defendants refused.

21. In adopting the PHANTOM BAY trademark and engaging in these activities, Defendants deliberately and intentionally targeted Bogle's business, its brand and its goodwill. Defendants were on statutory and actual notice of Bogle's trademark before they began using the PHANTOM BAY mark. Instead of respecting Bogle's rights by adopting another name, Defendants expanded the use of their mark. On information and belief, they did so because having developed a private label for the largest chain retailer in the country, they did not want to tell Wal Mart that the name had to be changed due to a trademark issue. Thus, they deliberately targeted Bogle and its valuable trademark by appropriating the trademark and its goodwill with full knowledge that Bogle owned the trademark rights to PHANTOM for wine and that it was of great value to Bogle because the trademark has a tremendous amount of consumer goodwill attached to it. Defendants did this with the intention of free-riding on the brand recognition, goodwill, investment and success of Bogle's brand. The whole point of Defendants' conduct is to confuse consumers who are acting on impulse to think that they are purchasing a lower-priced version of Bogle's PHANTOM wine when, in fact, they are not, and to compete unfairly with Bogle by causing great harm, injury, and damage to Bogle and its

valuable brand in the process. The harm and damage will only increase over time as Defendants expand their business.

## CLAIM ONE

### (Infringement of a Federally Registered Trademark, 15 U.S.C. § 1114)

22. The allegations of Paragraphs 1-21 of this Complaint are hereby incorporated by reference.

23. Bogle began using its PHANTOM trademark before Defendants began using the PHANTOM BAY trademark. Bogle filed its application to register its PHANTOM trademark before IPC filed its application to register the PHANTOM BAY trademark.

24. Defendants began using the PHANTOM BAY trademark in connection with their wines without authorization from Bogle. The Defendants' trademark is highly similar to Bogle's registered PHANTOM trademark. The trademarks are used on identical goods, wine. Wine sold at the price points of the parties' wine is an impulse purchase to which consumers do not give a great deal of thought and care. In the normal course of trade the wine would be sold and promoted to the same consumers in the same channels of trade. Consumers who see Defendants' trademark are likely to believe mistakenly that the wine originates with, is licensed by or is otherwise associated or affiliated with Bogle, or to believe that it is simply a lower-priced version of Bogle's wine. The massive distribution of Defendant's wine in Wal Mart may lead to the destruction of the goodwill in Bogle's trademark, causing consumers to believe mistakenly that Bogle's wine originates with, is licensed by or is otherwise associated or affiliated with Bogle, or that Bogle's wine is simply a higher priced version of Defendant's wine. This unauthorized use of Bogle's trademark by Defendants creates a likelihood of confusion and constitutes an infringement of Bogle's trademark under 15 U.S.C. §§ 1051 *et seq.*

25. Bogle has been and will be injured by Defendants' use and promotion of its trademark. The use of a highly similar mark on identical goods will undermine if not destroy the goodwill in

Bogle's trademark and cause damage and injury to it. It will harm Bogle's business reputation and goodwill and decrease its business and profits.

26. Defendants' infringing conduct is willful, intentional and in bad faith. They were aware of Bogle's registered trademark prior to using their trademark and therefore had an opportunity to change their mark prior to the launch of their wine. Notwithstanding this knowledge and opportunity, Defendants made a conscious decision to proceed with their scheme to appropriate the goodwill in Bogle's trademark.

**WHEREFORE**, Bogle prays for relief as set forth below.

## CLAIM TWO

### (False Designation of Origin, 15 U.S.C. § 1125)

27. The allegations of Paragraphs 1-26 of this Complaint are hereby incorporated by reference.

28. The term PHANTOM points uniquely to Bogle, and no one else has used it for wine. Bogle began using this term for wine in the United States and California long prior to Defendants' use on and in connection with identical goods.

29. The aforementioned acts are likely to confuse consumers into mistakenly believing that the wine provided by Defendants originates with Bogle. This constitutes a false designation of origin under 15 U.S.C. § 1125.

30. These acts are willful and deliberate.

31. As a direct consequence of these unlawful acts and practices, Bogle has suffered, and will continue to suffer, damage to its business, reputation and goodwill, for which it is entitled to relief under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

**WHEREFORE,** Bogle prays for relief as set forth below.

//

## CLAIM THREE

### (Common Law Trademark Infringement)

32. The allegations of Paragraphs 1-31 of this Complaint are hereby incorporated by reference.

33. Continuously since 2002, Bogle has used the PHANTOM trademark to identify its wine and to distinguish it from those offered by others, by, among other things, prominently displaying the trademark on its labels and web site. The term PHANTOM points uniquely to Bogle, and no one else has used it for wine. Bogle began using this term for wine in the United States and California long prior to Defendants' use on and in connection with wine.

34. This use of Bogle's trademark has included use with distributors, retailers and consumers doing business across state lines.

35. This wine has been distributed and sold in the area where Defendants' wine is sold. As a result of the sales and advertising by Bogle under the PHANTOM mark, it has come to indicate wine that originates only with Bogle. Defendants' use of a highly similar mark on identical goods in the same channels of trade is likely to cause confusion with consumers.

36. Defendants' sale of wine bearing the PHANTOM BAY mark infringes Bogle's common law PHANTOM trademark for wine.

37. Defendants' infringement of Bogle's common law PHANTOM trademark mark has been knowing, wilful and intentional, and done without any authorization or permission from Bogle and with full knowledge and awareness of Bogle's established rights.

**WHEREFORE,** Bogle prays for relief as set forth below.

//

//

//

COMPLAINT

## CLAIM FOUR

### (California Unfair Competition, B & P § 17200)

38.  The allegations of Paragraphs 1-37 of this Complaint are hereby incorporated by reference.

39.  Defendants' conduct as alleged above constitutes unfair, unlawful, and fraudulent business practices in violation of California Business & Professions Code §17200 *et seq.*, in that Defendants' use of Bogle's trademark causes consumers to believe that Defendants' wine is related to Bogle's wine. Bogle and Defendants are in direct competition as they advertise and offer for sale wine to the same target customers, and operate in the same trade channel and advertising space.

40.  As a direct and proximate result of the unfair and illegal conduct and representations to consumers and the public by Defendants, and each of them, as herein alleged, Defendant has suffered direct injury and damage because sales have been diverted to Defendants, in an amount which has not yet ascertained, because consumers mistakenly believe that Defendants' wine originates with Bogle or is a "bargain" version of Bogle's wine. These wrongful acts have proximately caused and/or will continue to cause Bogle substantial injury, including confusion in the marketplace, wrongful association, injury to its reputation, direct economic loss, and diminution in value of its trademark. These actions are causing imminent irreparable harm and injury to Bogle

41.  As a result of Defendants' wrongful conduct, Bogle is entitled to recover from Defendants the gains, profits, and advantages they have obtained as a result of their wrongful acts as hereinabove alleged and said amounts should be disgorged and restitution made to Plaintiff.

**WHEREFORE,** Bogle prays for relief as set forth below.

//

//

//

COMPLAINT

## CLAIM FIVE

### (Restitution Based On Unjust Enrichment)

42. The allegations of Paragraphs 1-41 of this Complaint are hereby incorporated by reference.

43. As a result of Defendants' conduct, they have been unjustly enriched at the expense of Bogle and the law thereby implies a contract by which Defendants must pay to Bogle the amount by which, in equity and good conscience, they have been unjustly enriched at the expense of Bogle.

## CLAIM SIX

### (Cancellation of a Registered Trademark)

44. The allegations of Paragraphs 1-43 of this Complaint are hereby incorporated by reference.

45. Bogle began its use of the PHANTOM trademark before both the first use date and the filing date for Defendants' PHANTOM BAY trademark. There is a likelihood of confusion between the two trademarks. Defendants' registered trademark should therefore be cancelled pursuant to 15 U.S.C. §§ 1065 (b) and 1119.

**WHEREFORE,** Bogle prays for relief as set forth below.

## PRAYER FOR RELIEF

**WHEREFORE,** Bogle demands judgment against Defendants as follows:

1. An injunction against Defendants enjoining any further infringement of Bogle's trademark, further acts of unfair competition and false association; and

2. An award of damages in an amount to be determined at trial; and

3. An enhancement of the trademark infringement damages award for willful and deliberate conduct as permitted by the Lanham Act; and

//

1    4.   Costs of suit, including Bogle's reasonable attorneys' fees as permitted by the Lanham
2    Act; and

3    5.   An order of remedial advertising as this Court deems just as permitted by the Lanham
4    Act; and

5    6.   An Order directing the Commissioner of Trademarks to cancel Registration No.
6    4,700,872; and

7    8.   Such further relief as this Court deems just.

Respectfully Submitted,

**LAW OFFICE OF PAUL W. REIDL**

By:  /s/ Paul W. Reidl

PAUL W. REIDL (SBN 155221)
Law Office of Paul W. Reidl
285 Troon Way
Half Moon Bay, CA 94019
Telephone: (650) 560-8530
Email: paul@reidllaw.com

Dated: November 18, 2016

MICHAEL BOSWORTH (SBN 75887)
IPxLaw Group LLP
2901 Moorpark Ave, Suite 255
San Jose, CA 95128
Telephone: 408.827.3303
Email: mbosworth@ipxlaw.com

COMPLAINT